**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF NEW JERSEY

Case number *(if known)* _____     Chapter   **11**

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Presperse Corporation** |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | **Presperse International Corporation** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **27-3377527** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **19 Schoolhouse Road**<br>**Somerset, NJ 08873**<br>Number, Street, City, State & ZIP Code | <br><br>P.O. Box, Number, Street, City, State & ZIP Code |
| **Somerset**<br>County | **Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)    **www.presperse.com**

6. **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor   **Presperse Corporation**                                                              Case number (*if known*) _____
_____Name_____

**7.   Describe debtor's business**   A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
   http://www.uscourts.gov/four-digit-national-association-naics-codes.

   _____**4245**_____

**8.   Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply*:

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ■ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.   Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| | District | When | Case number |
|---|---|---|---|
| District | _____ | When _____ | Case number _____ |
| District | _____ | When _____ | Case number _____ |

Debtor     **Presperse Corporation**                                      Case number (*if known*) _____
              Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No

☐ Yes.

List all cases. If more than 1, attach a separate list

| | | | |
|---|---|---|---|
| Debtor | _____ | Relationship | _____ |
| District | _____ When _____ | Case number, if known | _____ |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

          Contact name _____

          Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**   .

*Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
■ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
■ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000

☐ $1,000,001 - $10 million

☐ $500,000,001 - $1 billion

---

Official Form 201              **Voluntary Petition for Non-Individuals Filing for Bankruptcy**              page 3

Debtor   **Presperse Corporation**                                    Case number (*if known*)
         Name

- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million

- ☐ $10,000,001 - $50 million
- ■ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million

- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

| Debtor | **Presperse Corporation** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **September 9, 2024**
MM / DD / YYYY

X _____    **Mehul Shah**
Signature of authorized representative of debtor    Printed name

Title    **Chief Financial Officer**

**18. Signature of attorney**

X    /s/ Morris S. Bauer                                    Date    **September 9, 2024**
Signature of attorney for debtor                                   MM / DD / YYYY

**Morris S. Bauer, Esq.**
Printed name

**Duane Morris LLP**
Firm name

**200 Campus Drive
Suite 300
Florham Park, NJ 07932-1007**
Number, Street, City, State & ZIP Code

Contact phone    **973-424-2000**        Email address    **msbauer@duanemorris.com**

**039711990 NJ**
Bar number and State

| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the: District of New Jersey |
| (State) |
| Debtor name:  Presperse Corporation |
| Case number *(if known)*: _____    Chapter    11 |

☐ Check if this is an amended filing

## Chapter 11 Cases: List of Law Firms Representing the Tort Plaintiffs        12/15

Presperse Corporation (the "Debtors) filed a petition in this Court on the date hereof for relief under chapter 11 of title 11 of the United States Code.  The following is a consolidated list of parties that represent or have represented the known parties that have alleged claims against the Debtor related to tort claims (the "Top Counsel List"). Substantially contemporaneously with this petition, the Debtor has filed a motion seeking authority to file this Top Counsel List in lieu of a list of the 20 largest unsecured creditors.[1]  This list does not include any person or entity who is an "insider" under section 101(31) of title 11 of the United States Code.  The Top Counsel List was prepared for with information existing as of the date hereof.  The Debtors reserve the right to amend the Top Counsel List based on additional information it may identify.  The information contained in the Top Counsel List shall not constitute an admission by, nor shall it be binding on, the Debtor.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, profession | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 **Simon Greenstone Panatier, PC** 1201 Elm St. Dallas, TX 75270 | David C. Greenstone. Esq. dgreenstone@sgpblaw.com (214) 276-7680 Leah Kagan, Esq. lkagan@sgpblaw.com (214) 276-7680 | Litigation (119 cases) | Contingent/ Unliquidated/ Disputed | N/A | N/A | **Undetermined** |
| 2 **Maune Raichle Hartley French & Mudd, LLC** 1015 Locust St., Ste. 1200 St. Louis, MO, 63101 | Clay Thompson, Esq. cthompson@mrhfmlaw.com 347-407-1925 Chris McKean cmckean@mrhfmlaw.com 314-241-2003 ext 1180 David Arnell damell@mrhfmlaw.com | Litigation (57 cases) | Contingent/ Unliquidated/ Disputed | N/A | N/A | **Undetermined** |
| 3 **Weitz & Luxenberg, P.C.** 700 Broadway New York, NY 10003 | Perry Weitz, Esq. pweitz@weitzlux.com (856) 755-1115 Justine Delaney Justine Delaney@weitzlux.com (212) 558-5500 | Litigation (31 cases) | Contingent/ Unliquidated/ Disputed | N/A | N/A | **Undetermined** |

---

[1] This list is in substantially the same form as Official Bankruptcy Form 204 for chapter 11 cases setting forth the list of creditors other than insiders, who have the largest unsecured claims against a debtor.

Debtor Name: Presperse Corporation                                        Case Number (if known):_____

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 4 | **Dean Omar Branham Shirley, LLP**<br>302 N. Market St.<br>Dallas, TX 75202 | Jessica Dean, Esq.<br>jdean@dobslegal.com<br>(214) 722-5990<br><br>Trey Branham, Esq.<br>TBranham@dobslegal.com<br>(214) 722-5990<br><br>Brad Smith, Esq.<br>bsmith@dobslegal.com<br>(214) 722-5990 | Litigation<br>(23 cases) | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 5 | **Belluck & Fox, LLP** 546<br>5th Ave., 5th Floor<br>New York, NY 10036 | Joseph W. Belluck, Esq.<br>jbelluck@belluckfox.com<br>(<br>(646) 956-4658 | Litigation<br>(17 cases) | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 6 | **Simmons Hanly Conroy LLC**<br>1 Court St.<br>Alton, IL 62002 | Lisa Busch, Esq.<br>lbusch@simmonsfirm.com<br>(212) 25-8482<br><br>John Barnerd, Esq.<br>jbarnerd@simmonsfirm.com<br>(618) 693-3104 | Litigation<br>(16 cases) | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 7 | **Meirowitz & Wasserberg, LLP**<br>1040 6th Ave., Ste. 12B<br>New York, NY 10018 | Daniel Wasserberg. Esq.<br>dw@mwinjurylaw.com<br>(212) 897-1988 | Litigation<br>(10 cases) | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 8 | **The Gori Law Firm**<br>156 N. Main St.<br>Edwardsville, IL 62025 | Sara Salger, Esq.<br>sara@gorilaw.com<br>(618) 247-4247<br><br>D. Todd Matthews<br>todd@gorijulianlaw.com | Litigation<br>(4 cases) | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 9 | **Frost Law Firm**<br>273 W. 7th St.<br>San Pedro, CA 90731 | Andrew Seitz, Esq.<br>andrew@frostlaw.com<br>(866) 353-6376 | Litigation<br>(4 cases) | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 10 | **Levy Konigsberg LLP** 800<br>3rd Ave., 33rd floor<br>New York, NY 10158 | Moshe Maimon, Esq.<br>mmaimon@levylaw.com<br>(609) 720-0400 | Litigation<br>(3 cases) | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 11 | **Shepard Law, P.C.**<br>160 Federal Street<br>Boston, MA 02110 | Michael C. Shepard, Esq.<br>mshepard@shepardlawfirm.com<br>(617) 451-9191 | Litigation<br>(2 cases) | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 12 | **Waters Kraus & Paul**<br>3141 Hood St., Ste. 200<br>Dallas, Texas 75219 | Kevin Loew, Esq.<br>kloew@waterskraus.com<br>(310) 414-8146 | Litigation<br>(2 cases) | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 13 | **The Lanier Law Firm**<br>10940 W. Sam Houston Pkwy<br>Houston, TX 77064 | Mark Lanier, Esq.<br>WML@LanierLawFirm.com<br>(212) 421-2800<br><br>Michael A. Akselrud, Esq.<br>Michael.Akselrud@LanierLawFirm.com<br>(310) 277-5100 | Litigation<br>(2 cases) | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 14 | **Cohen, Placitella & Roth**<br>127 Maple Avenue<br>Rad Bank, NJ 07701 | Christopher Placitella, Esq.<br>cplacitella@cpr.com<br>(732) 747-9003 | Litigation<br>(2 cases) | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |

Debtor Name: Presperse Corporation                                  Case Number (if known):_____

| 15 | **DeBlase Brown Eyerly LLP**<br>680 South Santa Fe Avenue<br>Los Angeles, CA 90021 | Eric Brown, Esq.<br>brown@dbelegal.com<br>(310) 575-9955 | Litigation<br>(1 case) | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 16 | **Duffy Law LLC**<br>Masonic Temple Bldg.<br>70 Washington St., Suite 312<br>Salem, MA 01970 | Christopher Duffy, Esq.<br>duffy@cpduffylaw.com<br>(978) 414-5714 | Litigation<br>(1 case) | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 17 | **Vogelzang Law**<br>401 N. Michigan Ave., Ste 350<br>Chicago, IL 60611 | Nicholas Vogelzang, Esq.<br>nvogelzang@vogelzanglaw.com<br>(312) 466-1669 | Litigation<br>(1 case) | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |

## United States Bankruptcy Court
### District of New Jersey

In re   **Presperse Corporation**

Debtor(s)

Case No.

Chapter   **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Sumitomo Corporation of Americas**<br>**300 Madison Avenue**<br>**New York, NY 10017** | **N/A** | **100%** | **Sole Shareholder** |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Chief Financial Officer** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date   **September  9, 2024**

Signature _____
**Mehul Shah**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

# United States Bankruptcy Court
## District of New Jersey

In re  **Presperse Corporation** _____  Case No. _____

_____  Debtor(s)  Chapter  **11** _____

### CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **Presperse Corporation**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**Sumitomo Corporation of Americas**
**300 Madison Avenue**
**New York, NY 10017**

☐ None [*Check if applicable*]

**September  9, 2024** _____

Date

/s/ Morris S. Bauer _____

**Morris S. Bauer, Esq.**

Signature of Attorney or Litigant

Counsel for   **Presperse Corporation** _____

**Duane Morris LLP**
**200 Campus Drive**
**Suite 300**
**Florham Park, NJ 07932-1007**
**973-424-2000 Fax:973-424-2001**
**msbauer@duanemorris.com**

**Fill in this information to identify the case and this filing:**

Debtor Name __Presperse Corporation__

United States Bankruptcy Court for the: _____   District of __New Jersey__
State)

Case number *(If known):* _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   **12/15**

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule/ G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☒ *Chapter 11 or Chapter 9 Cases: List of Law Firms Representing the Tort Plaintiffs and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration    __List of equity security holders and statement of corporate ownership__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  __09/09/2024__          ✗ _____
MM / DD / YYYY                                Signature of individual signing on behalf of debtor

__Mehul Shah__
Printed name

__Chief Financial Officer__
Position or relationship to debtor

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**
DM3\10819461.1

**OMNIBUS ACTION AT MEETING OF PRESPERSE CORPORATION**
September 9, 2024

The undersigned, being all the members of the board of directors (the "Board") of Presperse Corporation (the "Company"), hereby agree, in accordance with the organizational documents of the Company and applicable state law, to the following actions and adopt the following resolutions (these "Resolutions") with respect to the Company effective as of the date hereof:

**Chapter 11 Filing**

WHEREAS, the Board, along with its legal and financial advisors, has considered the liquidity, financial, and operational condition of the Company, including capital resources and sources and uses of cash; and

WHEREAS, the Board has reviewed the historical performance and results of the Company; its current, short-term, and long-term future liquidity needs; its business prospects; and its current and long-term liabilities, including prior and pending litigation, inclusive of the significant volume of talc litigation claims commenced against the Company, the associated *ad hoc* settlements, and the ever-growing litigation costs that are not sustainable and have caused significant financial distress to the Company; and

WHEREAS, the Board has reviewed the materials presented by the Company's financial, operative, legal, and other advisors and has engaged in numerous and extensive discussions (including, without limitation, with its management and such advisors) regarding the Company's financial condition, including its capital resources and sources and uses of cash, its liabilities, and its liquidity position; the strategic alternatives available to it; the impact of the foregoing on the Company's business and operations; and the advisability of entering into restructuring arrangements, and the Board has had the opportunity to fully consider the foregoing; and

WHEREAS, the Board has had the opportunity to consult with the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Company; and

WHEREAS, the Company executed a term sheet dated March 30, 2024 with a pre-petition Talc Claimants' Committee and a pre-petition Future Claimants' Representative (the "Term Sheet") in anticipation of a Chapter 11 filing, which provides for the Company to file a proposed plan of reorganization incorporating the terms set forth in the Term Sheet, including confirming a plan of reorganization (the "Plan") that provides for the issuance of a permanent channeling injunction of all Talc Personal Injury Claims, as defined in the Plan, in accordance with Section 524(g) of the Bankruptcy Code;

WHEREAS, the Board has determined that taking the actions set forth below are advisable and in the best interests of the Company and its creditors to preserve and protect its ordinary course of business and therefore, the Board recommends the adoption of the following resolutions:

NOW, THEREFORE, BE IT RESOLVED that in the business judgment of the Board, it is desirable and in the best interests of the Company and its respective creditors and other parties-in-interest that the Company shall be, and hereby is, authorized to file or cause to be filed a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the U.S. Code (the "Bankruptcy Code") commencing the Chapter 11 Case in the U.S. Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"); and

BE IT FURTHER RESOLVED that Joy Atkinson and Mehul Shah are hereby appointed as the "Authorized Persons" of the Company authorized, empowered, and directed to act for and on behalf of the Company in the furtherance of the matters set forth in these resolutions and in connection with the Chapter 11 Case; and

BE IT FURTHER RESOLVED, without limiting the generality of the foregoing, the Authorized Persons are authorized and empowered to execute and file or cause to be filed with the Bankruptcy Court a voluntary petition for relief on behalf of the Company in the Bankruptcy Court and all certificates, exhibits and schedules related thereto; and

BE IT FURTHER RESOLVED that the Authorized Persons with power of delegation are hereby authorized and empowered to execute and file on behalf of the Company the schedules, lists and other motions, papers, or documents and to take any action that is necessary or proper to obtain such relief, including without limitation (a) any action that is necessary and proper in or in connection with the Chapter 11 Case, including without limitation filing and prosecuting motion to obtain debtor-in-possession financing, the disclosure statement and/or the Plan; (b) the negotiation of such additional agreements, modifications, supplements, reports, documents, instruments, applications, notes, or certificates that may be required and/or the payment of all fees, consent payments, taxes, and other expenses as the Authorized Persons, in her or his sole discretion, may approve or deem necessary, appropriate, or desirable to carry out the intent and accomplish the purposes of the resolutions herein and the transactions contemplated hereby; and (c) any action necessary in connection with the maintenance and operation of the Company's business.

BE IT FURTHER RESOLVED that all acts and deeds previously performed by the Board or its members, or any Authorized Persons, on behalf of the Company prior to the adoption of the foregoing recitals and resolutions that are within the authority conferred by the foregoing recitals and resolutions are hereby ratified, confirmed, and approved in all respects as the authorized acts and deeds of the Company, including execution of the Term Sheet and negotiation and execution of the Plan.

## Retention of Professionals

WHEREAS, the Board has considered the retention of financial and legal advisors, claims agent and brokers by the Company;

NOW, THEREFORE, BE IT RESOLVED that the Authorized Persons with power of delegation are hereby authorized, empowered, and directed to employ the law firm of Duane Morris LLP as general bankruptcy counsel to represent and assist the Company in carrying out its

duties under the Bankruptcy Code and to take any actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, the Authorized Person is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and cause to be filed an appropriate application for authority to retain the services of Duane Morris LLP; and

BE IT FURTHER RESOLVED that the Authorized Persons with power of delegation is hereby authorized, empowered, and directed to continue with or re-engage Getzler Henrich ("Getzler") as the Company's financial advisor and Kroll Restructuring Administration LLC ("Kroll") as the Company's claims and noticing agent; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of Getzler and Kroll, and in the event that Getzler or Kroll decide not to proceed with the engagement, the Authorized Persons may proceed to engage an alternative persons for such purpose; and

BE IT FURTHER RESOLVED that the Authorized Persons are hereby authorized, empowered, and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Persons with power of delegation is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, proper or convenient; and

## Debtor-in-Possession Financing

WHEREAS, to facilitate the Company's ongoing operations, the Board has determined that the Company will obtain benefits from obtaining post-petition financing (the "DIP Financing") from its pre-petition lender, Sumitomo Corporation of Americas (the "SCOA") by obtaining approval to continue to access funds through its pre-petition Credit Facility Agreement therewith (the "SCOA Financing Facility"), which continued access will be in the form of an unsecured loan as set forth in and consistent with the Term Sheet; and

WHEREAS, in order to use and obtain the benefits of the DIP Financing in accordance with section 363 and 364 of the Bankruptcy Code, it is contemplated that the Company will request the entry of proposed interim and final orders (collectively, the "DIP Orders") to be submitted for approval to the Bankruptcy Court;

NOW, THEREFORE, BE IT RESOLVED, that the Authorized Persons of the Company be, and hereby are, authorized, empowered, and directed to execute and deliver any documents necessary to obtain the DIP Financing;

BE IT FURTHER RESOLVED, that the Authorized Persons of the Company be, and hereby is, authorized, empowered, and directed to take all such further actions in connection with the foregoing resolutions that are, in the Authorized Persons' business judgment, necessary, desirable, proper, advisable, or reasonable to perform any of the Company's obligations under or in connection with the DIP Orders and the transactions contemplated therein.

3

## **Other Authorization and Ratification**

BE IT FURTHER RESOLVED that the Authorized Persons are hereby authorized, empowered, and directed, in the name of and on behalf of the Company, to take all actions with respect to the transactions contemplated by these Resolutions as such Authorized Persons shall deem necessary, appropriate, or desirable in such Authorized Persons' reasonable business judgement as may be necessary, appropriate, or desirable to effectuate the purposes of the transactions contemplated in these Resolutions; and

BE IT FURTHER RESOLVED that the Authorized Persons are hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause such Company to enter into, execute, deliver, certify, file, and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates, or other documents and to take such other action, as in the judgment of such Authorized Persons shall be or become necessary, proper, and desirable to prosecute to a successful completion of the Chapter 11 Case, including but not limited to implementing the foregoing Resolutions and the transactions contemplated by these Resolutions, executing tax returns of the Company, depositing or transferring funds of the Company, and opening or closing accounts of the Company; and

BE IT FURTHER RESOLVED that the Authorized Persons are hereby authorized, empowered, and directed, in the name and on behalf of the Company, to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing Resolutions; and

BE IT FURTHER RESOLVED that all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done in the name and on behalf of the Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before these Resolutions were certified, are hereby in all respects approved and ratified.

*Rest of page intentionally blank; signature page follows*

DM3\10397354.3

IN WITNESS WHEREOF, the undersigned, being all the directors of the Company, have executed these Resolutions of the Board as of their signature date.

Date: _____9/9/2024_____  Name: _____
                                   Shinnosuke Ono

Date: _____  Name: _____
                                       William Auriemma

Date: _____  Name: _____
                                       Takeshi Hara

Date: _____  Name: _____
                                       Koh Akiyama

Date: _____  Name: _____
                                       Yoshihide Akino

DM3\10397354.3

**IN WITNESS WHEREOF,** the undersigned, being all the directors of the Company, have executed these Resolutions of the Board as of their signature date.

Date: _____     Name: _____
                                              Shinnosuke Ono

Date: _____     Name: _____
                                              William Auriemma

Date: _____     Name: _____
                                              Takeshi Hara

Date: _____     Name: _____
                                              Koh Akiyama

Date: _____     Name: _____
                                              Yoshihide Akino

DM3\10397354.3

**IN WITNESS WHEREOF,** the undersigned, being all the directors of the Company, have executed these Resolutions of the Board as of their signature date.

Date: _____          Name: _____
                                                                            Shinnosuke Ono

Date: _____          Name: _____
                                                                            William Auriemma

Date: _9 / 9 / 2024_____          Name: _F. Hara_____
                                                                            Takeshi Hara

Date: _____          Name: _____
                                                                            Koh Akiyama

Date: _____          Name: _____
                                                                            Yoshihide Akino

**IN WITNESS WHEREOF,** the undersigned, being all the directors of the Company, have executed these Resolutions of the Board as of their signature date.

Date: _____   Name: _____
                                        Shinnosuke Ono

Date: _____   Name: _____
                                        William Auriemma

Date: _____   Name: _____
                                        Takeshi Hara

Date: September 9th, 2024               Name: _____
                                        Koh Akiyama

Date: _____   Name: _____
                                        Yoshihide Akino

DM3\10397354.3

**IN WITNESS WHEREOF,** the undersigned, being all the directors of the Company, have executed these Resolutions of the Board as of their signature date.

Date: _____     Name: _____
                                              Shinnosuke Ono

Date: _____     Name: _____
                                              William Auriemma

Date: _____     Name: _____
                                              Takeshi Hara

Date: _____     Name: _____
                                              Koh Akiyama

Date: 2024/09/09                   Name: _____
                                              Yoshihide Akino

DM3\10397354.3